UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
L&M BUS CORP. et al.,

               Plaintiffs,

       -against-

BOARD OF EDUCATION OF THE CITY SCHOOL
DISTRICT OF THE CITY OF NEW YORK d/b/a NEW
YORK CITY DEPARTMENT OF EDUCATION,

               Defendant.
-------------------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

**MEMORANDUM & ORDER**

**18-CV-1902 (NGG) (SMG)**

     Before the court are motions to intervene in a pending action by non-parties Reliant

Transportation, Inc. ("Reliant") ("Reliant's Motion") and Local 1181-1061, Amalgamated

Transit Union, AFL-CIO ("Local 1181") ("Local 1181's Motion"). (Reliant Mot. to Intervene

("Reliant Mot.") (Dkt. 20); Local 1181 Mot. to Intervene ("Local 1181 Mot.") (Dkt. 22).) In the

action in question, a group of bus companies (the "Bus Companies") contend that certain

requirements in a contract (the "Contract") put out for bid by the New York City Department of

Education (the "DOE") as part of the bidding process for bid number B3182 ("B3182") are

preempted by federal law. (See generally Apr. 5, 2018, Mem. & Order ("M&O") (Dkt. 16).)

Reliant is a current DOE contractor and states that it intends to submit a bid for "all or part of the

work within the scope of the Request for Bid ["RFB"] that is the subject of this lawsuit."

(Reliant Mot. at 2.) Local 1181 is a labor union that represents "a majority" of the New York

City DOE school-bus "drivers, matrons/escorts, and mechanics." (Local 1181 Mot. at 2.)

     Both Reliant and Local 1181 seek intervention as a matter of right pursuant to Federal

Rule of Civil Procedure 24(a); or, as an alternative, permissive intervention under Federal Rule

of Civil Procedure 24(b). (Reliant Mot. at 3-6; Local 1181 Mot. at 3-6.) Reliant additionally

seeks leave to file an <u>amicus</u> brief in the event that the court does not permit it to intervene in the action. (Reliant Mot. at 6-7.) The DOE takes no position as to either non-party's intervention. (Apr. 10, 2018, Def. Letter (Dkt. 24).) The Bus Companies oppose both motions. (Pls. Mem. in Opp'n to Reliant Mot. (Dkt. 25); Pls. Mem. in Opp'n to Local 1181 Mot. (Dkt. 27).)

For the following reasons, the motions to intervene are DENIED. The court will, however, permit Reliant and Local 1181 to participate in the case as <u>amici curiae</u>.

## I.      BACKGROUND

The procedural history of the action is set out in the April 5, 2018, M&O. (<u>See</u> M&O at 5.) In that M&O, the court denied the Bus Companies' application for a temporary restraining order ("TRO") based on the Bus Companies' inability to show irreparable harm at this point. (<u>See id.</u> at 6-10.) The court reserved decision on the application for a preliminary injunction and set a briefing schedule. (<u>See id.</u> at 10.)

Since the court denied the application for a TRO, the New York Supreme Court, County of New York, enjoined the bidding process for B3182 pending oral argument on April 24, 2018. (Apr. 5, 2018, Letter (Dkt. 17).) The DOE appealed to the Appellate Division, First Department, which declined to dissolve the stay and ordered a briefing schedule on the appeal. (Apr. 6, 2018, Letter (Dkt. 21).) Accordingly, this court delayed the briefing schedule, making the DOE's anticipated supplemental memorandum in opposition due on April 17, 2018, and the Bus Companies' anticipated reply memorandum due on April 20, 2018. (Apr. 6, 2018, Order.)

## II.     INTERVENTION AS A MATTER OF RIGHT

Both movants principally move to intervene in this action pursuant to Rule 24(a). For the following reasons, the court DENIES both of these motions.

## A.      Legal Standard

Intervention as a matter of right under Rule 24(a)(2) is granted when the movant "(1) files a timely motion; (2) asserts an interest relating to the property or transaction that is the subject of the action; (3) is so situated that without intervention the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) has an interest not adequately represented by the other parties." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994). The court must deny the motion for intervention if any one of the four requirements is not met. Id. The moving party bears the burden of demonstrating that it meets the requirements. See id.

## B.      Application

### 1.      Timeliness

While the timeliness requirement "defies precise definition," courts generally consider "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." Pitney Bowes, 25 F.3d at 70.

Both Reliant and Local 1181 have made timely motions. Reliant was only on notice of the lawsuit for eight days before seeking to intervene, a reasonable amount of time in which to seek to intervene. (Reliant Mot. at 3.) Counsel for Local 1181 announced the union's intention to seek to intervene during last week's show-cause hearing (see Apr. 3, 2018, Hrg. Tr. (Dkt. No. pending) 51:21-25); Local 1181 filed its motion six days later, or eleven days after it was put on notice of the lawsuit (Local 1181 Mot. at 3-4). These are both reasonable amounts of time in which to seek intervention. Furthermore, no delay would result to the parties before the court as

both Reliant and Local 1181 seek to join the existing briefing schedule. (See Reliant Mot. at 1; Local 1181 Mot. at 4.) Given the lack of unusual circumstances that would alter this calculus, the court finds that both of the pending motions for intervention are timely.

      2.    <u>Interest in the Action</u>

A movant must be able to show "an 'interest in the proceeding' that is 'direct, substantial, and legally protectable.'" <u>Laroe Estates, Inc. v. Town of Chester</u>, 828 F.3d 60, 69 (2d Cir. 2016) (quoting <u>Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.</u>, 922 F.2d 92, 97 (2d Cir. 1990)), <u>vacated on other grounds</u>, 137 S. Ct. 1645 (2017). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." <u>Wash. Elec.</u>, 922 F.2d at 97.

Reliant seeks to protect its "interest in submitting bids and being considered under the RFB process as established by the DOE and New York public bidding laws." (Reliant Mot. at 4.) Reliant claims that this interest is legally cognizable within the scope of Rule 24(a) because the Bus Companies' "requested relief would effectively prevent Reliant . . . from submitting a bid." (Id.) The court agrees with Reliant. It is neither a contingent nor remote possibility that "the rights granted to [Reliant] by DOE policies and New York law" will be affected by this action; rather, if the court issues a preliminary injunction, Reliant's ability to bid on B3182 will be immediately affected. This interest is undoubtedly substantial, as well as directly tied to the underlying litigation. The court finds that Reliant has shown a sufficient interest in the proceedings.

Local 1181 claims that it "and its members have cognizable interests because they are third-party beneficiaries of the [Employee Protection Provisions (the "EPPs")] included in contracts between the DOE and school bus companies and the EPPs proposed to be included in

contracts awarded pursuant to RFB B3182." (Local 1181 Mot. at 5.) Even if Local 1181 and its members are not third-party beneficiaries to the proposed bidding contract, the union claims that its members have direct, substantial, and legally protectable interests in the "job, seniority, wage, and benefit protections" contained in the EPPs. (Id.) The court need not decide whether Local 1181 and its members are third-party beneficiaries of the Contract.[1] Instead, the court finds it sufficient to state that Local 1181, as the majority union in this field, has a unique interest in protecting the rights of the employees who would be affected by this bidding process. This case is not like Floyd v. City of New York, 770 F.3d 1051 (2d Cir. 2014), in which the Second Circuit found that a union cannot claim intervention as a matter of right based on its interest in its members' "reputations." Id. at 1060. Here, the union claims—not incorrectly—that the court's ruling in this case could affect its members' financial and other job-related interests. The court thus finds that Local 1181 also has a cognizable interest in the underlying litigation.

### 3. Impairment of Interest

In addition to having a legally cognizable interest, the movant must be able to show that "disposition of the action may, as a practical matter, impair or impede [its] ability to protect that interest." Weisman v. Darneille, 89 F.R.D. 47, 50 (S.D.N.Y. 1980).

Reliant claims that its protectable interest in renewing its contracts pursuant to the DOE's competitive bidding process risks impairment because of the possibility that the Bus Companies could "potentially force the DOE to extend [their] existing contracts," something that would allegedly deny Reliant "the opportunity to compete under the RFB." (Reliant Mot. at 4.) While the court views this potential of harm as slightly speculative, it recognizes the probability that a

---

[1] The DOE "does not agree with the contention that Local 1181 is, was ever, or was ever intended to be a third-party beneficiary to any transportation contract between the DOE and any school bus contractors, either currently in place or to be awarded under the challenged RFB." (Apr. 10, 2018, Def. Letter.)

continued delay in bidding will impair Reliant's ability to participate in that process. See Wildearth Guardians v. Salazar, 272 F.R.D. 4, 16 (D.D.C. 2010) (stating that the possibility of an injunction against competitive bidding process would "as a practical matter" threaten to impair potential bidders' interests). If Reliant were forced to wait until after the motion for a preliminary injunction is resolved in order to ascertain with certainty how its interests will be affected by this lawsuit, it might be too late. Accordingly, the court finds that Reliant has an interest that would be impaired by the underlying lawsuit.

Local 1181 also claims that its interest in upholding the EPPs risks being impaired as a result of this matter. That assertion is plainly true, for a declaration on the validity of the EPPs is what is sought in this litigation. The court need not reach the question of whether Local 1181 has a valid impairment of its interests based on the claim that a finding of preemption in this case "could raise questions about the validity of [existing Local 1181 contracts that contain EPPs]" (Local 1181 Mot. at 5), though it notes that some courts have found that a claim of res judicata "may be sufficient to constitute impairment of a legally protectable interest." See McKeithen v. S.S. Frosta, 75 F.R.D. 7, 9 n.1 (E.D. La. 1977).

### 4. Adequacy of Representation

Finally, the movant must show that its interest will not be adequately represented unless it is permitted to intervene. Wash. Elec., 922 F.2d at 98. The motion will be denied if "there is an identity of interest between the putative intervenor and an existing party to the action." Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 180 (2d Cir. 2001). If "the putative intervenor and a named party have the same ultimate objective," the movant must rebut the presumption of adequacy by producing "evidence of collusion, adversity of interest, nonfeasance, or incompetence" by the party that shares the same interest. Id. at 179-80.

Reliant's case for intervention as a matter of right founders at this fourth requirement. In claiming that its interests are not adequately represented by the DOE, Reliant states that "both entities' interests necessarily diverge due to the inherent differences in their posture," i.e., that DOE is putting the contract out to bid while Reliant seeks to participate in the bidding process. (Reliant Mot. at 5.) "However, a putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action." Wash. Elec., 922 F.2d at 98. While it may have an interest that is not represented by any of the parties currently before the court, both Reliant and the DOE desire the same outcome in this case—that is, a finding that the EPPs are not preempted. (See Reliant Mot. at 5; see also Pls. Mem. in Opp'n to Reliant Mot. at 7.) In laying out its anticipated arguments in favor of the EPPs' legality, Reliant does not present new issues that it alone can litigate. (See id. at 5-6.) See also Great Atl. & Pac. Tea Co. v. Town of East Hampton, 178 F.R.D. 39, 43 (E.D.N.Y. 1998). In other words, Reliant has not shown that a ruling in the DOE's favor would not "fully protect [Reliant's] interests." See Gulino v. Bd. of Educ., No. 96-CV-8414 (KMW), 2009 WL 2972997, at *3 (S.D.N.Y. Sept. 17, 2009). The contention by the DOE that "Reliant's own concerns that support inclusion of EPPs in DOE transportation contracts are also independent of the DOE's proprietary interests" is not enough to overcome the reality of the overlap between Reliant and the DOE. (See Apr. 10, 2018, Def. Letter.) Because Reliant has not rebutted the presumption that its interests will be adequately represented by the DOE, the court must deny its motion for intervention as a matter of right.

Local 1181's Motion suffers from the same defect. While Local 1181 has a more compelling argument that its interests do not completely overlap with those of the DOE based on Local 1181's interest in the "economic security" of its members (see Local 1181 Mot. at 5), that

argument fails because the union and the DOE have the same ultimate objective in this case: a declaration that the EPPs are not preempted.[2] See Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc., No. 96-CV-2064 (RWS), 1996 WL 346352, at *3 (S.D.N.Y. June 25, 1996); see also EGT, LLC v. Port of Longview, No. 11-CV-5036, 2011 WL 2792442, at *2 (W.D. Wash. July 18, 2011) (denying union's motion for intervention as a matter of right where both the union and the government party "share an identical interpretation of" contract provisions). There is no evidence to suggest that the DOE is not zealously litigating in support of this position, nor has Local 1181 introduced any additional legal arguments that it alone can make. (See Pls. Mem. in Opp'n to Local 1181 Mot. at 7.) A movant may not intervene simply because it seeks to bring a different "perspective" to the case (see Local 1181 Mot. at 5). See Wash. Elec., 922 F.2d at 98 ("[A] putative intervenor's interest is not inadequately represented merely because its motive to litigate is different from that of a party to the action."). The contention that Local 1181's intervention is required because DOE could "shift" or "alter[]" its position in the case appears to be unfounded speculation. (See Local 1181 Mot. at 6.) If the circumstances of this case change such that Local 1181's intervention becomes necessary, the union can reapply to the court for intervention at that time. Cf. United States v. City of New York, No. 07-CV-2067 (NGG), 2007 WL 2581911, at *6 (E.D.N.Y. Sept. 6, 2007). Because Local 1181 has not shown that its interests in this action are not adequately represented by the DOE, the court must deny its motion for intervention under Rule 24(a).

---

[2] The court wishes to note that over-simplified analysis of a party's "ultimate objective" can do disservice to a union's legitimate fears about adequate representation. These concerns can be particularly significant where, as here, the contract at issue is a proposed contract, rather than an existing agreement of which enforcement is sought. Cf, e.g., Ley v. Novelis Corp., No. 14-CV-775, 2014 WL 3735720, at *2-3 (N.D.N.Y. Oct. 7, 2014); Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc., No. 96-CV-2064 (RWS), 1996 WL 346352, at *3 (S.D.N.Y. June 25, 1996). At this point, however, the court is satisfied that the DOE and Local 1181 do share an ultimate objective, particularly given the narrow scope of litigation at this time, so it must deny the union's motion to intervene.

## III.   PERMISSIVE INTERVENTION

As an alternative, both Reliant and Local 1181 request permissive intervention under

Rule 24(b).  For the following reasons, the court DENIES both of these motions.

### A.     Legal Standard

"Generally, a district court has broad discretion to grant or deny a request for permissive

intervention." ACORN (The N.Y. Ass'n of Cmty. Orgs. for Reform Now) v. County of Nassau,

270 F.R.D. 123, 125 (E.D.N.Y. 2010).  Under Rule 24(b), "the court may permit anyone to

intervene who . . . has a claim or defense that shares with the main action a common question of

law or fact."  Fed. R. Civ. P. 24(b)(1)(B).  "In exercising its discretion, the court must consider

whether the intervention will unduly delay or prejudice the adjudication of the rights of the

original parties.  Additional relevant factors include the nature and extent of the intervenors'

interests, the degree to which those interests are adequately represented by other parties, and

whether parties seeking intervention will significantly contribute to full development of the

underlying factual issues in the suit and to the just and equitable adjudication of the legal

questions presented." Citizens Against Casino Gambling in Erie Cty. v. Hogen, 417 F. App'x

49, 50 (2d Cir. 2011) (summary order) (citations and internal quotation marks omitted) (citing

H.L. Hayden Co. of N.Y. v. Siemens Med. Sys., Inc., 797 F.2d 85, 89 (2d Cir. 1986)).

Essentially, "[a]n application for permissive intervention requires the court to consider

'substantially the same factors' as does an application for intervention as of right." City of New

York, 2007 WL 2581911, at *6 (quoting In re Bank of N.Y. Derivative Litig., 320 F.3d 291, 300

n.5 (2d Cir. 2003)).  Courts often grant permissive intervention when the parties in the case do

not oppose the motion for intervention.  See, e.g., New York v. Pruitt, No. 18-CV-1030 (JPO),

18-CV-1048 (JPO), 2018 WL 1684341, at *1 (S.D.N.Y. Apr. 5, 2018) ("The Court concludes

that permissive intervention is appropriate here. First, the plaintiffs in both of these cases do not oppose intervention.").

## B. Application

Without much elaboration, Reliant claims that it is entitled to permissive intervention for generally the same reasons that it claims entitlement to intervention as a matter of right. (Reliant Mot. at 6.) The court disagrees. Although the court has broad discretion to grant a motion for intervention under Rule 24(b), the court declines to do so because of the finding that Reliant's interests are adequately represented by the DOE. Additionally, the court does not believe that permitting Reliant to intervene will significantly contribute to "full factual development" or the "just adjudication of legal questions" given the near-total overlap in its proposed arguments with those of the DOE. See Charron v. Pinnacle Group NY LLC, No. 07-CV-6316 (CM) (RLE), 2010 WL 5373902, at *2 (S.D.N.Y. Dec. 22, 2010). That Reliant's claims share a "common question of law or fact" is not enough to justify its permissive intervention.

Local 1181 also claims that it should be permitted to intervene because its defense of the EPPs "shares the same question of law or fact" as the claims in the underlying action. (Local 1181 Mot. at 6.) Additionally, Local 1181 claims that intervention will give it "an opportunity to correct the record and . . . permit workers' voice[s] to be heard and considered." (Id.) Like with Reliant's Motion, the court finds that these additional considerations are not enough to overcome Local 1181's inability to meet the Rule 24(a) factors, thus motivating denial of its motion for permissive intervention. While Local 1181 has an interest in this case—that is, protecting its members, whose livelihoods will be affected by the outcome of this dispute—that interest is not one for which the union's intervention is necessary, at least not at this point in the litigation. Cf. EGT, 2011 WL 2792442, at *3 (granting permissive intervention to permit the union to protect

its interest in "whether its workers will be employed by EGT's grain terminal"). Accordingly, the court denies Local 1181's motion for permissive intervention.

## IV.   LEAVE TO PARTICIPATE AS <u>AMICUS CURIAE</u>

"There is no governing standard, rule or statute prescribing the procedure for obtaining leave to file an amicus brief in the district court." <u>Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.</u>, No. 11-CV-6746 (RJH), 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (alterations adopted) (citations and internal quotation marks omitted). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." <u>Id.</u> "[T]he extent to which, if at all, an <u>amicus</u> should be permitted to participate lies solely within the discretion of the court." <u>United States v. Gotti</u>, 755 F. Supp. 1157, 1158 (E.D.N.Y. 1991).

Reliant seeks leave to file an <u>amicus</u> brief to allow it to "provide the court the perspective of bidders who seek to compete fairly under the RFB." (Reliant Mot. at 6-7.) The Bus Companies may be right that the information that Reliant seeks to provide will end up being "not relevant" (Pls. Mem. in Opp'n to Reliant Mot. at 10), but the court believes that there is some chance that Reliant will be able to add an important perspective to this complicated case. The court accordingly grants Reliant leave to participate in the litigation as <u>amicus</u>.

Local 1181 has not requested leave to file an <u>amicus</u> brief in this case. (<u>See</u> Local 1181 Mot.) Nevertheless, the court, <u>sua sponte</u>, grants Local 1181 leave to file an <u>amicus</u> brief. The court would appreciate hearing from Local 1181 given the extensive discussion in the Complaint of the union's role in the bidding process and in the development of the EPPs. (<u>See</u> Compl. ¶¶ 25-27, 51-55.) The court also believes that Local 1181 has a particularly important perspective as representative of many of the employees who would be subject to the Contract. While Local

1181 need not submit an amicus brief, especially in light of the fact that it did not make such a request in its motion, the court will permit it to do so if it so chooses.

## V.    CONCLUSION

For the foregoing reasons, the court DENIES WITHOUT PREJUDICE Reliant's Motion for Intervention (Dkt. 20) and Local 1181's Motion for Intervention (Dkt. 22). The court GRANTS Reliant and Local 1181 leave to participate in the case as amici curiae in support of the DOE and notes that both amicus briefs are due on April 17, 2018. (See Apr. 6, 2018, Order.) The clerk of court is respectfully DIRECTED to place Reliant and Local 1181 on the electronic docket for this case.

SO ORDERED.

/s Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge

Dated: Brooklyn, New York
       April 12, 2018